IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LA'TISHA GRAVES-GILLIS,

    Plaintiff,

    v.         Civil Action No. 3:10CV883-JAG

ANNA MARIE TALAIVER,

    Defendant.

## MEMORANDUM OPINION

This case involves the issue of judicial estoppel. Specifically, the issue is whether the defendant's representations in state court estop her from removing the case to this Court. For the reasons stated below, the Court finds that removal was proper, and the Court will retain jurisdiction over the case.

## STATEMENT OF THE CASE

The present case is a personal injury action resulting from an automobile accident in Chesterfield County, Virginia. The plaintiff originally filed suit in the Circuit Court of the City of Richmond, Virginia.

On November 15, 2010, service of process was sent to the defendant's parents' address in Chesterfield County. The defendant's Answer was due on December 6, 2010. The defendant did not retain counsel until Friday, December 3, 2010. Relying on the police report and the Complaint's indication that the defendant resided in Chesterfield County, defense counsel filed an Answer and a Motion Objecting to Venue on Friday, December 3, 2010. The Motion

Objecting to Venue stated that the defendant lived in Chesterfield County, Virginia. On the next business day, defense counsel discovered that the defendant had married and moved to Baltimore, Maryland. Upon finding this mistake, defense counsel filed a Notice of Removal to the U.S. District Court for the Eastern District of Virginia on the basis of diversity jurisdiction.

Between the filing of the Motion Objecting to Venue on Friday, December 3, 2010, and the filing of the Notice of Removal on Monday, December 6, 2010, neither the state court nor the plaintiff acted in reliance on the defendant's representation that she was a Virginia resident.

At the initial pretrial conference, the Court recognized the potential issue regarding the defendant's representations and requested the parties brief whether judicial estoppel required a remand to state court. Each party filed a brief on the issue, which is now ripe for decision.

## DISCUSSION

Federal courts have applied the judicial estoppel doctrine cautiously, usually confining it to circumstances in which the opposing party took action in reliance upon the estopped party's prior stance. *In re Sw. Bell Tel. Co.*, 535 F.2d 859, 861 (5th Cir. 1976). According to the Fourth Circuit, three elements are necessary to invoke judicial estoppel:

> First, the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. The position at issue must be one of fact as opposed to one of law or legal theory. Second, the prior inconsistent position must have been accepted by the court. Lastly, the party against whom judicial estoppel is to be applied must have intentionally misled the court to gain unfair advantage. This bad faith requirement is the determinative factor.

*Whitten v. Fred's Inc.*, 601 F.3d 231, 241 (4th Cir. 2010).

The present case fails to satisfy these three requirements. Although the defendant did adopt a factual position inconsistent with a prior stance, namely the residency of the defendant, the second and third elements of the test are not met. Neither this Court nor the state court

formally accepted the representation. In fact, the state court never addressed the Motion to Change Venue.

Further, the defendant did not act in bad faith. Defense counsel based his client's residency on the police report and the plaintiff's representations in the Complaint. As the Fourth Circuit has stated, "the bad faith requirement is the determinative factor." *Id.* Once defense counsel discovered the residency mistake, he corrected the error and filed a Notice of Removal. The Court therefore will not remand the case to state court.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

/s/ 
John A. Gibney, Jr.
United States District Judge

Date: April 4, 2011
Richmond, VA